UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

CHARLIE THOMAS ELLIS                              CASE NO. 05-19561-NPO
AND GINGER A. ELLIS,

DEBTORS.                                           CHAPTER 12

PLANTERS BANK & TRUST COMPANY                      MOVANT

VS.

CHARLIE THOMAS ELLIS
AND GINGER A. ELLIS                                DEBTORS

MEMORANDUM OPINION

On August 29, 2006, there came on for consideration the combined preliminary and final hearing (the "Hearing") on the Motion to Lift Automatic Stay and to Abandon Property (the "Motion") (Dk No. 93) filed by Planters Bank & Trust Company ("Planters Bank") on August 17, 2006, in this chapter 12 bankruptcy case. There is no question that this Court has jurisdiction over the parties and the subject matter of this proceeding. Notice of the Motion was proper under the circumstances.

The chapter 12 case was filed on November 1, 2005 (Dk No. 1). It has not proceeded in a manner consistent with the Bankruptcy Code and Rules. In fact, the Debtors have exhibited a disregard for the rights of Planters Bank as a secured creditor. First, the Court will address the issue of cash collateral. No debtor may use cash collateral unless the secured creditor consents or the

court, after notice and a hearing, authorizes such use. *See* 11 U.S.C. § 363(c)(2). No motion was filed by the Debtors at the commencement of the chapter 12 case seeking use of cash collateral. Based on Planters Bank's pleading filed on February 7, 2006 (Dk No. 38), Planters Bank had not consented to the use of cash collateral. However, the Debtors used cash collateral without Court authority, until an Order was entered on April 3, 2006 (the "April 3 Order") (Dk No. 49). The April 3 Order expired by its own terms on June 30, 2006 (Dk No. 49 at 8). Based on the testimony heard on August 29, 2006, the Debtors again continued to use cash collateral without the consent of Planters Bank. Moreover, no request was made to this Court for authority to use cash collateral past June 30, 2006.

The second area of concern is the operation of the Debtors' business. There is no dispute regarding the failure of the Debtors to pay timely the electric bills due for the months of March, April, May, and June of 2006, and the need for Planters Bank to pay these bills in order to protect its collateral. Furthermore, there is no dispute that the Debtors allowed the insurance to be cancelled which insured part of Planters Bank's collateral and that the Debtors failed to replace the insurance in a timely manner.

The Court also is concerned about the testimony of Charlie Ellis, in which he appeared to admit to paying prepetition unsecured debts after this case was filed without Court order. The Debtors knew, or should have known, that such payments were impermissible, particularly in light of certain language contained in the April 3 Order (Dk No. 49 at 4).

The Court concurs with the assessment of Harold J. Barkley, Jr., the chapter 12 trustee in this case, as stated at the Hearing and in his objection (Dk No. 97) to the chapter 12 plan. The Debtors are unable to pay on-going expenses for the farming operation due to insufficient income.

Moreover, the Debtors will not be able to fund a confirmable chapter 12 plan based on the performance of the Debtors post-petition.

Before the Court is Planters Bank's Motion. Based on the evidence admitted, argument of counsel and pleadings in this case, Planters Bank has meet its burden of proof under section 362(d)(1) and (2) of the Bankruptcy Code. Cause exists for lifting the automatic stay for the reasons contained herein. Additionally, there is no equity in Planters Bank's collateral for the Debtors or the estate (stipulated by the parties at the Hearing), and such property is not needed for an effective reorganization. Accordingly, the Court finds that Motion is well taken and should be granted, and the automatic stay should be terminated as set forth in the Motion. However, the Court will not abandon such property at this point until it determines other motions which are currently pending. The ten (10) day stay arising under Federal Rule of Bankruptcy Procedure 4001(a)(3) should be waived.

A separate order, consistent with this Memorandum Opinion, will be entered by this Court in accordance with Federal Rule of Bankruptcy Procedure 9021.

DATED this the 31st day of August, 2006.

_____
NEIL P. OLACK
UNITED STATES BANKRUPTCY JUDGE